IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NEW HAMPSHIRE INSURANCE
COMPLANY,

    PLAINTIFF,

v.                                                CASE NO.: CV-00-J-717-S

MEDICAL STAFFING NETWORK, INC.,
d/b/a NURSES PLUS, INC., et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

This case is before the court on the defendant Nurses Plus' motion to dismiss, stay or transfer (doc. 12) to which the plaintiff filed a response (doc. 18), the defendant Smith filed a response (doc. 19) and the defendant Nurses Plus filed a reply in support of its motion. This case arises out of an auto accident in Jefferson County where defendant Smith is suing defendant Turner and Turner's employer, defendant Nurses Plus, which is being pursued in the Circuit Court of Jefferson County.[1] Plaintiff is defendant Nurses Plus' insurer. Defendant Nurses Plus' motion at 2. The plaintiff filed this declaratory judgment action for this court to consider the issue of whether, even if defendant Turner is an additional insured under the policy in question, the policy in question provides any coverage for injuries resulting from auto accidents (an "automobile use exclusion" clause). Plaintiff's response

---

[1] Defendant Smith sues in state court on behalf of her adult daughter, who was allegedly struck by the car defendant Turner was driving. *See Smith v. Nurses Plus, Inc., et al.*, attached as Ex. A to defendant Nurses Plus' motion to dismiss.



to defendant's motion to dismiss at 2. The issue before this court can be resolved without the court considering the merits of the plaintiff's action.

Plaintiff is a Pennsylvania corporation with its principal place of business in New York and is licensed to do business in Florida. Nurses Plus' motion to dismiss at 2. Beyond the policy in question, it apparently has few ties to the State of Alabama. Nurses Plus is a Delaware corporation with its principal place of business in Florida, and has filed a suit similar to this one in the United States District Court for the Southern District of Florida.[2] Nurses Plus' motion to dismiss at 1-2. The Florida suit was filed March 22, 2000. The case before this court was filed March 20, 2000. Plaintiff's response at 6. While these two cases should clearly be pursued as one case, the issue before this court is whether it, or the Southern District of Florida is the more appropriate forum.

Plaintiff argues that the "first filed" rule should apply and that this is the only venue that can resolve all of the coverage issues arising out of the state court litigation. Plaintiff's response at 1, 5. Defendant Nurses Plus argues that all events relevant to the formation of the insurance policy contract between it and plaintiff occurred in Florida. It therefore argues that the "first filed" rule should not apply because a change of venue under 28 U.S.C. § 1404(a) is appropriate. Both the plaintiff and defendant Nurses Plus agree that Florida law governs this contract. The plaintiff further alleges that the District Court in Florida does not

---

[2]That suit includes a declaratory judgment count, as this case does, but also has a further claim by defendant Nurses Plus against plaintiff for breach of contract.

have jurisdiction over all of the parties to this litigation, namely defendants Smith and Turner. The defendant Nurses Plus argues that those two defendants are not appropriate parties to this litigation.[3]

Under the "first filed" rule, when parties institute parallel litigation, the court initially having jurisdiction should hear the case. *Jasper Corp. v. National Union Fire Insurance*, 1999 WL 781808 at 4 (M.D.Fla.1999); citing *Allstate Insurance Co. v. Clohessy*, 9 F.Supp.2d 1314, 1315-16 (M.D.Fla.1998). The primary purpose of the "first filed' rule is to conserve judicial resources and avoid conflicting rulings. *Id.* However, a court may depart from this rule under certain circumstances. The "first filed action is preferred, even if it is declaratory, unless consideration of judicial and litigant economy and the just effective disposition of disputes requires otherwise." *Serco Service Co. v. Kelly Co., Inc.,* 51 F.3d 1037, 1039 (Fed.Cir.1995).

This court finds that the plaintiff and defendant Nurses Plus clearly engaged in a "race to the courthouse." The court notes that the plaintiff seeks only declaratory relief in this court, while Nurses Plus also states a breach of contract claim in its complaint in the District Court of Florida. Defendant Nurses Plus alleges that the plaintiff led it to believe it was negotiating a resolution to this dispute through letters although this suit was already filed.

---

[3]Nurses Plus' position presumes that Turner does not have coverage under the policy because of the automobile use exclusion clause. Nurses Plus' reply in support of its motion, at 4.

3

This court further finds that this case involves interpretation of a contract that the parties agree must be interpreted according to Florida law, that the policy was issued for delivery and delivered to defendant Nurses Plus in Florida, and that all of the defendant Nurses Plus' witnesses to the contract and its formation are in Florida. Declaration of Gary Morris, Exhibit B to Nurses Plus' motion; Nurses Plus' motion at 2, 7; Plaintiff's response at 8 ("Nurses Plus' only legitimate argument that this matter should be litigated in Florida is that a Florida court is more familiar with Florida law, which will control the interpretation of the policy").

This court recognizes that Florida is a more convenient forum for the defendant Nurses Plus, but cannot similarly state that Alabama is a more convenient forum for the plaintiff.[4] *See Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 679 (M.D.Ala.1998). Further, "there is an appropriateness ... in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflicts of laws, and in law foreign to itself." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *see also Roofing and Sheet Metal Services, Inc. v. La Quinta Motor Inns*, 689 F.2d 982, 991 (11th Cir. 1982). In *Insuracorp, Inc. v. American Fidelity Assurance Co.*, 914 F.Supp. 504 (M.D.Ala.1996), the court recognized "in light of the fact that most of the documents and material witnesses are

---

[4] Although New Hampshire argues that Alabama is more convenient for it (plaintiff's response at 10), this court notes no reason in support of this statement is given, and finds nothing to support such a statement.

located [in Florida], the plaintiff's choice of forum is outweighed by the public interest in assuring that 'localized controversies are decided at home.'" *Id.* at 506; citing *Gulf Oil*, 330 U.S. at 508-09, 67 S.Ct. at 843.

The court recognizes that Smith and Turner are residents of Alabama. However, these two defendants are not parties to the contract in dispute. Turner has not made any demand that plaintiff provide her a defense in the underlying state court suit and Smith does not have a cause of action against plaintiff.[5] Although plaintiff argues that defendant Smith has a potential action against it, this court finds that defendant Smith does not now have, and may never have, a judgment against defendant Turner or defendant Nurses Plus. *See State Farm Fire & Casualty v. Green*, 624 So.2d 538, 539-40 (Ala.1993) (stating that until plaintiff [defendant Smith here] actually has a judgment against the insured [Nurses Plus and possibly Turner], she has no cause of action against the insurer). Any declaratory judgment action against Smith at this time is premature as it can only be based on speculation.[6] The sole

---

[5] Plaintiff's argument that defendant Smith is a necessary party is based on § 27-23-2, Alabama Code 1975, as amended which states that a judgment creditor may sue an insurer. Plaintiff's response at 2-3. Turner is a necessary party, according to plaintiff, because she *may be* an additional insured under the policy. The court notes the completely speculative nature of these arguments. Smith may never be a judgment creditor, and Turner may be declared not to be an additional insured. Further, the policy may be declared not to cover auto accidents, as plaintiff alleges. Just as speculative, the state court jury may find Turner liable to Smith, but find that Turner was not within the line and scope of her employment with Nurses Plus at the time of the accident. This court cannot decide matters which do not include a present case or controversy. United States Constitution, Art. III, § 2, cl. 1. *See also Kremens v. Bartley*, 431 U.S. 119, 97 S.Ct. 1709, 52 L.Ed.2d 184 (1977) (absent live case or controversy, issue will not be decided on ground that all parties earnestly seek a decision on the merits and that it would be convenient for the parties to have the issue decided); and 28 U.S.C. § 2201 (requiring an "actual controversy").

[6] Furthermore, defendant Smith states in her response to Nurses Plus' motion to transfer that she has no objection to the transfer to Florida and, as her interests in the insurance proceeds are derivative of Nurses Plus' interests, she adopts all pleadings filed on behalf of Nurses Plus. Defendant Smith's response to motion to dismiss at 1 (doc. 19).

5

controversy before this court is between plaintiff New Hampshire and defendant Nurses Plus because Nurses Plus has demanded that plaintiff provide its defense in the state court litigation currently being pursued by Smith.[7] Thus, this court does not find Smith and Turner to be necessary parties to the litigation before it as neither could currently bring a claim against the plaintiff. Hence, this court finds plaintiff's argument that this is the only venue that can resolve all of the coverage disputes to be incorrect, as the plaintiff relies on potential future disputes for this statement.

The plaintiff recognizes that exceptions to the "first filed" rule exist and that compelling reasons may require the "second filed" court to maintain jurisdiction over a case. Plaintiff's response at 7, citing *Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F.Supp. 604 (S.D.Fla.1997). In sum, this court finds compelling circumstances exist which convince this court that Florida is the more appropriate forum to hear this controversy. *See Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1174 (11th Cir.1982). Furthermore, this court finds the issue of "convenience of witnesses" to be a relevant consideration. Any witnesses needed for this dispute are not the witnesses to the auto accident, but rather the witnesses to the contract, which was entered into in Florida and is governed by Florida law.

The court having considered this matter, the court finds the issues in this litigation are all matters which must be considered under Florida law. The court finds that the "first filed"

---

[7]The court notes that if the insurance policy in question is found to not provide coverage for the auto accident of an insured's employee, this would also resolve Nurses Plus' action for breach of contract.

rule is overcome in this case by considerations of judicial economy; the necessity of applying law foreign to this court; and consideration of convenience of the parties under 28 U.S.C. § 1404(a). The court is therefore of the opinion that the defendant Nurses Plus' motion to transfer this matter to the United States District Court for the Southern District of Florida, for consolidation with the parallel matter already before it, is due to be granted.

It is therefore **ORDERED** by the court that the defendant Nurses Plus' motion to dismiss, stay or transfer is **GRANTED** to the extent that this case be and hereby is **TRANSFERRED** to the United States District Court for the Southern District of Florida. The Clerk of Court is **ORDERED** to take all actions necessary to effectuate the same.

**DONE** and **ORDERED** this the  9  day of June, 2000.

UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON